Edward P. Zemprelli, State Senator, Petitioner *v.* Richard L. Thornburgh, Respondent.

Heard August 20, 1979, before Judge WILKINSON, JR.

*James H. Cawley,* Chief Counsel to the Majority Caucus, for petitioner.

*Jay C. Waldran,* Executive Assistant to the Governor, with him *David H. Allshouse,* Deputy Attorney General, and *Norman J. Watkins,* Deputy Attorney General, for respondent.

Opinion by Judge WILKINSON, JR., August 21, 1979:
On May 7, 1979 the petitioner brought this action in the nature of a mandamus as a duly elected member of the Senate of the Commonwealth. In his petition for review he identifies many specific offices in the Commonwealth which he alleges are vacant and

have been in excess of 90 days without the Governor fulfilling his constitutional obligation, under Article IV, Section 8, of the Pennsylvania Constitution, to nominate to the Senate proper persons to fill the vacancies. The prayer of the petition requests this Court to enter judgment against the Governor and to enter ''an Order commanding him to forthwith fill said vacancies by nominating to the Senate proper persons for its, and Petitioner's, advice and consent, and to grant such further relief as may be just and appropriate under the circumstances.'' On June 6, 1979, respondent filed preliminary objections raising questions: (a) that the 90 day provision is directory not mandatory; (b) of non-justiciability of this as a political question; (c) standing of petitioner; (d) laches; and (e) no clear right to relief.

At the same time the preliminary objections were filed, respondent filed a Petition for Disqualification of petitioner's counsel, being Chief Counsel to the Majority Caucus of the Senate and acting in that capacity. The matter for disqualification was listed for argument on June 25, 1979. At that time on oral application by respondent the matter was continued generally, to be rescheduled upon the praecipe of respondent. Such a praecipe was filed on July 2, 1979. On July 3, 1979, argument date was fixed for August 20, 1979. On July 12, 1979 an application was filed by respondent to advance the date for argument on the motion to disqualify. This application was denied on July 13, 1979.

Argument on the Preliminary Objections has been fixed for September 11, 1979 before the Court sitting en banc.

On August 20, an answer and briefs having been filed, the matter of disqualification came on for hearing and argument. No testimony was offered but a stipulation was filed asserting that no resolution of

the Senate or of the Majority Caucus of the Senate has been brought or passed authorizing the bringing of this suit by petitioner. Further the stipulation asserts petitioner's belief that such a resolution could be obtained from the Majority Caucus but is not necessary.

It is the Court's view that under the facts before the Court, the matter of disqualification of counsel will turn on the question of petitioner's standing. That respondent agrees with this position is made clear by the prayer for relief which is:

    1. The Court rule that the petitioner does not have standing as a legislator to bring this action, and

    2. The Court issue an order disqualifying James F. Cawley, Esquire, as petitioner's counsel.

The history of the law on this difficult question is ably set forth by Judge MENCER in his opinion in *Wilt v. Beal*, 26 Pa. Commonwealth Ct. 298, 363 A.2d 876 (1976). In that opinion Judge MENCER discusses the law's development in the federal cases as well as in Pennsylvania.

With almost all, if not all, of the legal work completed by counsel for both sides[1] and with argument on the preliminary objections set for September 11, 1979, before the Court en Banc, prudence calls for our delaying passing on the question of standing until it is considered by the Court en Banc rather than one judge. This is the procedure we followed in *Wilt, supra.*

Accordingly, we will enter the following

### ORDER

AND Now, this 21st day of August, 1979, the motion for disqualification of Counsel is denied.

---

[1] Counsel for respondent filed their brief in support of the preliminary objections on August 13, 1979.